| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE FAMILY COURT |
| ) | OF THE |
| COUNTY OF CHARLESTON ) | NINTH JUDICIAL CIRCUIT |

Lindsay McGee,              )
                            )
    Plaintiff,              )
                            )    RESPONSE TO THE DEFENDANT'S
                            )    NOTICE OF REMOVAL
        versus              )
                            )
Justin McGee,               )
                            )
    Defendant.              )    Civil Action No. 2024-CP-10-01096
                            )

TO THIS HONORABLE COURT AND THE DEFENDANT JUSTIN MCGEE AND HIS ATTORNEY MATTHEW A. ABEE, ESQUIRE:

    The Plaintiff herein confirms that she seeks no relief pursuant to any Federal Statute and therefore no Federal Question exists. While it is set out in Paragraph 11 of her Complaint that the Electronic Communication Privacy Act, the Federal Stored Communication Act or the Computer Fraud Abuse Act may have been violated by the Defendant, no relief pursuant to those statutes was/is being sought by Plaintiff in her Complaint.

    Attached hereto is an Amended Complaint which now makes no mention of any Federal Statue or Federal Question. Accordingly, there is no jurisdiction for this Court to now take this matter from the State Court. As evidenced by the attached Amended Complaint paragraph referencing any Federal Stature has been removed.

    Accordingly, the only cause of actions which are still being advanced by the Plaintiff are based upon State law or Common law.

    Wherefore, having now amended her Complaint, to clarify any misunderstanding Plaintiff seeks an Order of this Court remanding this matter back to the

State Courts for further proceedings and determination.

Specifically, the only relief requested by Plaintiff is pursuant to the South Carolina Homeland Security Act or the Common Law Causes of Action clearly set out in the Compliant and the Amended Complaint.

Respectfully submitted,

_____
Richard G. Whiting
Attorney for Plaintiff
1515 Lady Street
Post Office Box 7877
Columbia, SC 29202
(803) 256-9067

April 12, 2024

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | NINTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Lindsay McGee, ) | |
| ) | |
| Plaintiff, ) | AMENDED SUMMONS |
| ) | |
| versus ) | |
| ) | |
| Justin McGee, ) | Civil Action No. 2024-CP-10-01096 |
| ) | |
| Defendant. ) | |
| ) | |

TO THE DEFENDANT, JUSTIN MCGEE:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer to the said Complaint on Plaintiff or his/her attorney, at his office 1515 Lady Street (29201), Post Office Box 7877, Columbia, South Carolina 29202, within thirty (30) days after the service hereof, exclusive of the date of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/Richard G. Whiting
Richard G. Whiting
Attorney for Plaintiff
1515 Lady Street (29201)
Post Office Box 7877
Columbia, SC 29202
803-256-9067
dick.whiting@whitinglawsc.com

s/Peter G. Currence
Peter G. Currence
Attorney for Plaintiff
791 Greenlawn Dr., Suite 4 (29209)
Post Office Box 90860 29290-1860
Columbia, SC 29209
803-776-3130
pete@mscmlawa.com

April 11, 2024

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | OF THE |
| COUNTY OF CHARLESTON ) | NINTH JUDICIAL CIRCUIT |
| | |
| Lindsay McGee, ) | |
| ) | |
| Plaintiff, ) | AMENDED COMPLAINT |
| ) | |
| versus ) | (JURY TRIAL DEMANDED) |
| ) | |
| Justin McGee, ) | |
| ) | |
| Defendant. ) | Civil Action No. 2024-CP-10-01096 |
| ) | |

## GENERAL ALLEGATIONS AND JURISDICTION

1. The parties are residents of Charleston County, South Carolina.

2. Jurisdiction and venue are proper before this Court.

3. Plaintiff and Defendant are husband and wife who began a separation on or about May 29, 2022.

4. Plaintiff and Defendant were previously engaged in litigation in the Family Court for the Ninth Judicial Circuit for Charleston County.

5. The Defendant intentionally installed an electronic or mechanical device recording Plaintiff's telephone conversations at Plaintiff's home and elsewhere.

6. These devices recorded Plaintiff's conversation with third parties without Plaintiff's permission and without the permission of the other party to the conversation.

7. The Defendant intentionally intercepted these private conversations between Plaintiff and third parties and made recordings of these conversations.

8. The Defendant has disclosed the contents of these conversations to other parties with the intent to use them to his/her own advantage.

9. The Defendant intercepted the telephone conversations described above without Plaintiff's knowledge or consent and without the knowledge or consent of any third parties to whom Plaintiff was speaking.

10. As a result of the Defendant's conduct, Plaintiff has been injured and is entitled to damages as follows: actual damages, statutory damages, punitive damages, attorney's fees, and other litigation costs.

11. Plaintiff brings this cause of action pursuant to the South Carolina Homeland Security Act, S.C. Code Ann § 17-30-10, et seq., South Carolina Computer Crimes Acts, S.C. Code Ann. § 16-16-10 et seq., as well as Invasion of Privacy/Wrongful Intrusion.

## FOR A FIRST CAUSE OF ACTION
### (Interception of Electronic Communications)

12. Each allegation in Paragraphs 1 through 11 is repeated herein as if first stated.

13. South Carolina Code of Laws § 17-30-135 provides for a civil right of action for any persons whose communications are intercepted in violation of § 17-30-20 which includes any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of this chapter has a civil cause of

action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use the communications.

14. Any person whose communications have been intercepted in violation of § 17-30-20 is entitled to recover from the person or entity which engaged in that violation relief as may be appropriate, including a preliminary or equitable or declaratory relief as may be appropriate; actual damages, but not less than liquidated damages computed at the rate of five hundred dollars ($500.00) a day for each day of violation or twenty-five thousand dollars ($25,000.00), whichever is greater, not to exceed the limits on liability provided in subsection (F)(3); punitive damages, except as may be prohibited in subsection (F)(4); and reasonable attorney's fee and other litigation costs reasonably incurred.

15. Plaintiff alleges that her electronic communications have been intercepted, intentionally accessed/recorded, disclosed, and used without her authorization and in violation of the foregoing chapters and brings this Civil cause of action against those persons and entities who accessed, intercepted, disclosed, used, and procured Plaintiff's private electronic communications.

16. Based thereon, Plaintiff is entitled to an immediate Order and injunction restraining the Defendant and his agents from any further dissemination of Plaintiff's private electronic mail/electronic conversations which were intercepted and used by the Defendant.

17. Pursuant to §§ 17-30-10 et seq. and 17-30-135 of the 1976

Code of Law, State of South Carolina, as amended, Plaintiff is further entitled to actual damages of not less than liquidated damages computed at the rate of $500.00 per day for each day of violation or $25,000.00, whichever is greater, alleging that, upon information and belief, from the date of the first interception, disclosure continues upon the public records and elsewhere through this date and Plaintiff is entitled damages at the rate of $500.00 per day for every day on which the foregoing records continue to be used and disclosed.

18.    Plaintiff is also entitled to punitive damages in an amount to be established by a jury, together with reasonable attorney's fees and other litigation costs reasonably incurred and such other legal and equitable relief as the Court deems just and proper.

## FOR A SECOND CAUSE OF ACTION
### (Invasion of Privacy – Publicizing of Private Affairs)

19.    Each allegation in Paragraphs 1 through 18 is repeated herein as if first stated.

20.    Defendant herein gave publicity to matters that are private to Plaintiff.

21.    The disclosure of these communications or images would be highly offensive to a reasonable person and is not of legitimate public concern.

22.    Further, Plaintiff did not consent to the disclosure of this private Information/images.

23.    As a result of Defendant's actions, Plaintiff has suffered damages

and should be awarded actual and punitive damages against Defendant, together with such other legal and equitable relief as the Court deems just and proper.

### FOR A THIRD CAUSE OF ACTION
### (Invasion of Privacy – Wrongful Intrusion and Outrage)

24. Each allegation in Paragraphs 1 through 23 is repeated herein as if first stated.

25. Defendant's wrongful intrusions consist of watching, spying and prying into Plaintiff's private affairs.

26. The wrongful intrusions concern those aspects of Plaintiff, her personal relationship, and communications with one normally expects to be free from exposure to Defendant.

27. Defendant's conduct is intentional, substantial, and unreasonable, and is of a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances.

28. As a result of Defendant's actions, Plaintiff has suffered damages and should be awarded actual and punitive damages against the Defendant, together with such other legal and equitable relief this Court deems just and proper.

### THIS COURT'S POWER TO GRANT RELIEF

29. This Court has the equitable powers and statutory remedies under the various statutes to grant injunctive relief from Defendant's continuing misconduct,

including his interception of Plaintiff's electronic communication.

30. This Court has the statutory authority under South Carolina Code of Laws §17-30-135 to award Plaintiff actual damages, not less than liquidated damages of $25,000.00, punitive damages, and reasonable attorneys' fees and court costs for the interception of Plaintiff's electronic communications.

31. This Court has the power to award Plaintiff compensatory damages and injunctive relief or other equitable relief for Defendant's willful violation of the Computer Fraud and Abuse Act in accessing Plaintiff's protected computer on multiple occasions without authorization.

32. The Court has the equitable powers and statutory remedies to award damages to Plaintiff for the invasion of privacy - publicizing of private affairs, invasion of privacy - wrongful intrusion, and outrage including actual and punitive damages against Defendant together with such other equitable and reasonable relief the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court pursuant to its own equitable and legal powers:

1. Enter an Order enjoining Defendant preliminarily and permanently from any further intrusion into Plaintiff's internet accounts and interception of Plaintiff's electronic communications.

2. Award Plaintiff actual, not less than statutory liquidated damages, and

punitive damages for Defendant's unauthorized and illegal interception of Plaintiff's electronic communications.

3. Award actual and punitive damages to Plaintiff for the invasion of privacy - publicizing of private affairs, the invasion of privacy - wrongful intrusion and outrage.

4. Award Plaintiff reasonable attorneys' fees and the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

s/Richard G. Whiting
Richard G. Whiting
Attorney for Plaintiff
1515 Lady Street (29201)
Post Office Box 7877
Columbia, SC 29202
803-256-9067
dick.whiting@whitinglawsc.com

s/Peter G. Currence
Peter G. Currence
Attorney for Plaintiff
791 Greenlawn Dr., Suite 4 (29209)
Post Office Box 90860 29290-1860
Columbia, SC 29209
803-776-3130
pete@mscmlawa.com

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |
| ) | |
| Lindsay F. McGee, ) | |
| ) | VERIFICATION |
| ) | TO AMENDED COMPLAINT |
| Plaintiff, ) | (JURY TRIAL DEMANDED) |
| vs. ) | |
| ) | CIVIL ACTION NO. 2024-CP- |
| Justin M. McGee, ) | |
| ) | |
| Defendants, ) | |

I, Lindsay F. McGee, declare as follows:

1. I have reviewed the foregoing Amended Complaint.

2. Regarding the allegations of which I have personal knowledge, I know or believe them to be true.

3. Regarding the allegations of which I do not have personal knowledge, I believe them to be true.

_____
Lindsay F. McGee

Sworn to and subscribed before me this

\_\_\_\_\_ day of _____, 2024

_____
Notary Public for South Carolina

My commission expires _____

Page **9** of **9**