# Exhibit 2

Motion to Approve Final and Complete Settlement, July 7, 2026

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE FAMILY COURT OF THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | CASE NO.: 2022-DR-10-3072 |
| JUSTIN M. MCGEE, | ) | |
| Plaintiff, | ) | |
| v. | ) | **MOTION TO APPROVE FINAL AGREEMENT AND COMPEL SETTLEMENT** |
| LINDSAY FOREBACK MCGEE, | ) | |
| Defendant. | ) | |

TO THE ABOVE-NAMED DEFENDANT, LINDSAY FOREBACK MCGEE AND HER ATTORNEY PETER G. CURRANCE:

YOU WILL PLEASE TAKE NOTICE that Plaintiff, Justin M. McGee, through his undersigned counsel, will move before the Presiding Judge of the Family Court for the Ninth Judicial Circuit in Charleston County, South Carolina, on the tenth day after service of this Motion, or as soon thereafter as the matter can be heard, for an Order approving the parties' Final Agreement executed by both parties and their counsel as of June 8, 2026, adopting the Final Agreement and incorporating it within a Final Order of the Court in this matter, directing Defendant to comply with all terms of the parties' Final Agreement, and awarding Plaintiff his attorneys' fees and costs for having to move to compel settlement and approval of the Agreement.

In support of this Motion, Plaintiff would show unto the Court the following:

<u>FACTUAL BASES</u>

1. This case was filed on October 20, 2023.

2. The parties attended a full day of mediation with former Family Court Judge Vicki J. Snelgrove on April 25, 2026.

3. At the conclusion of mediation on April 25, 2026, Plaintiff sent Defendant a fully drafted, complete, and signed agreement titled "Final Agreement" bearing Plaintiff's initials at the bottom of the pages and the signatures of Plaintiff and Plaintiff's counsel.

4. Defendant did not initially accept the proposal or sign the Final Agreement but instead continued to negotiate and filed a Motion for Temporary Relief on May 8, 2026 (which is scheduled to be heard on July 23, 2026).

5. On Monday, June 8, 2026, at 11:10 AM, the Guardian *ad Litem* requested that each party submit to drug and alcohol testing by close of business on Wednesday, June 10, 2026, and have the results sent directly to the Guardian *ad Litem*.

6. Defendant objected to submitting to the requested testing.

7. At 2:52 PM on Monday, June 8, 2026, within hours of the Guardian *ad Litem* requesting that each party submit to drug and alcohol testing, Defendant emailed a document to Plaintiff titled "McGee Executed Agreement" (*see* "Final Agreement" attached hereto as Exhibit A).

8. Defendant's June 8, 2026, email included an explanation stating it was "*attaching a copy of the final agreement which has been executed by all the parties and their counsel.*" The email stated Defendant and her counsel "*consider this case settled*" and inquired as to a time "*to put this agreement on the record.*" *See* email attached hereto as Exhibit B.

9. The Final Agreement (that was and is signed by all parties and their counsel) states:

> "Approval of Agreement: This Agreement shall be submitted to the Family Court for the Ninth Judicial Circuit in Charleston County, South Carolina, for the purpose of having the Court review and approve the terms and conditions of this Agreement and to have it incorporated into a judgement for divorce. Each party solemnly agrees to promulgate and support the Court's approval of this Agreement and to attend any hearing held for that purpose."
>
> *See* Ex. A at pg. 22, ¶H (*emphasis added*).

10. The Final Agreement (that was and is signed by all parties and their counsel) states:

> "Enforceability: The parties expressly agree that this Agreement, *once signed*, shall be enforceable under Rule 43(k) of the South Carolina Rules of Civil Procedure."
>
> *See* Ex. A at pg. 23, ¶K (*emphasis added*)

11. Defendant is an attorney licensed to practice law in South Carolina with a primary practice focused almost exclusively on family law matters and understood the meaning and effect of signing the Final Agreement.

12. At 1:56 PM on Tuesday, June 9, 2026, the Guardian *ad Litem* insisted the parties submit to the requested testing or she could not support the approval of the Final Agreement.

13. Plaintiff responded on June 9, 2026, at 4:50 PM, confirming his position that the Final Agreement was valid and enforceable and stating that he agrees to move forward with seeking approval of the Final Agreement (and suggesting the parties use July 23, 2026, for a Final Hearing for approval of the agreement and divorce). *See* email attached hereto as Exhibit C.

14. The parties submitted to the drug and alcohol tests requested by the Guardian *ad Litem*.

15. Thereafter, Defendant began communicating and acting in a manner inconsistent with the terms of the Final Agreement and with her duty to seek its approval.

16. On June 25, 2026, Defendant sent Plaintiff a new proposed agreement with terms that varied from the Final Agreement. Plaintiff responded directly to Defendant on June 28, 2026, and stated, "*Why would I consider anything that is worse for me than the signed agreement you sent*?"

17. Defendant confirmed that Plaintiff did not consider or ever make any counteroffer to her new proposal via an email on June 29, 2026, at 10:26 AM, when she stated, "*You also rejected any offer that isn't better than the one already signed* [the Final Agreement]." Defendant then stated that she intended to continue litigation in this case.

18. Plaintiff again confirmed the Final Agreement via email on June 29, 2026, at 12:17 PM stating, "*we have a valid, binding, and enforceable agreement in this case*." *See* email attached hereto as Exhibit D.

19. On July 1, 2026, at 11:59 AM, Defendant reversed course and communicated in an email to the Guardian *ad Litem* indicating that she considered the matter settled and intended to "*use the agreement that is already signed.*" Defendant's email further discussed available Judges in Charleston who may be available for approval the following week.

20. On July 1, 2026, at 9:16 PM, Defendant sent an email to Judge Martin stating, "*the parties eventually reached a full and complete agreement, resolving all issues including those affecting their three children, that has been reduced to writing and signed by the parties and their respective counsel.*" *See* email attached hereto as Exhibit E.

21. The email to Judge Martin further states, "*the parties and counsel would like to put this on the record as soon as practical and were hoping that Your Honor would allot thirty minutes next week to allow the parties to present the agreement to the court for approval.*" Ex. E.

22. On July 2, 2026, at 8:49 AM, Defendant sent Plaintiff an email again confirming and attaching "*the executed Final Agreement*" and requesting to put it "*on the record next week.*" This email also attached a new document signed by Defendant and her counsel stating:

> "... by their signatures herein below, hereby acknowledge that the FINAL AGREEMENT with Exhibit A signed April 25, 2026 consisting of 25 pages and attached hereto was voluntarily signed by the parties and their respective counsel, that each is bound to the terms of this Agreement pursuant to Rule 43(k) SCRCP, and they will submit this Agreement to the presiding judge of the Family Court for the Ninth Judicial Circuit in Charleston County for approval."

*See* July 2 email and attachment attached hereto as Exhibit F.

23. Later that same day (July 2, 2026), at 7:38 PM, Defendant again reversed course and sent an email stating that Defendant "*is revoking the offer ... emailed earlier*" which also set forth new proposed terms and attached a new draft of a proposed final agreement.

24. Plaintiff has relied upon and acted in accord with the Final Agreement and such reliance would be detrimental if it is not enforced.

25. Upon information and belief, the Guardian *ad Litem* supports approval and enforcement of the Final Agreement and considers it to be in the best interests of the parties' minor children.

LEGAL & PROCEDURAL BASES

26. The parties freely and voluntarily entered into the Final Agreement. It was effective as of June 8, 2026. It was and is fair under all the circumstances and was and is certainly "within the bounds of reasonableness from both a procedural and substantive perspective." *Blejski v. Blejski*, 325 S.C. 491, 497-98, 480 S.E.2d 462, 466 (Ct. App. 1997); *Funderburk v. Funderburk,* 286 S.C. 129, 131, 332 S.E.2d 205, 206 (1985).

27. An agreement affecting the proceedings in an action is enforceable when reduced to writing and signed by the parties and their counsel. S.C.R.C.P., Rule 43(k).

28. The Final Agreement references Rule 43(k) and provides, immediately above Defendant's signature, "that this Agreement, *once signed*, shall be enforceable under Rule 43(k) of the South Carolina Rules of Civil Procedure." *See* Ex. B at pg. 23, ¶K (*emphasis added)*.

29. Moreover, the Final Agreement requires that the agreement "shall be submitted to the Family Court for the Ninth Judicial Circuit in Charleston County, South Carolina, for the purpose of having the Court review and approve the terms and conditions of this Agreement and to have it incorporated into a judgement for divorce." *See* Ex. B at pg. 22, ¶H (*emphasis added*). In fact,

under its express terms, each party has a solemn duty to promulgate and support the Court's approval." *Id.*

30. In addition to signing the Final Agreement, Defendant has repeatedly affirmed that the Final Agreement is a complete, valid, and enforceable agreement and cannot rationally contradict herself now.

31. Defendant is equitably and judicially estopped from arguing that the Final Agreement is not a complete, valid, and enforceable agreement.

32. Given Defendant's unreasonable, inconsistent, and intransigent position(s) on the issues presented in this Motion, Plaintiff has and will continue to unnecessarily incur additional attorney's fees and costs in this matter. Plaintiff requests this Court award him all the attorney's fees and costs he has incurred from the effective date of the Final Agreement (June 8, 2026) through the end of this case.

33. Plaintiff requests the Court award him with any monetary damages he experiences or suffers as a result of Defendant's breach of the Final Agreement, including (without limitation) all attorney fees and litigation costs, as compensatory damages from Defendant.

34. Plaintiff also requests that Defendant be responsible for any and all Guardian *ad Litem* fees and costs incurred that are directly related hereto as a cost of bringing and prosecuting this Motion.

35. Plaintiff requests that the award of attorney fees and costs and/or compensatory damages to Plaintiff from Defendant be offset from the Initial Payment owed by Plaintiff to Defendant under the Final Agreement. *See* Ex. B at pg. 18, ¶B(1). In the event such fees and costs exceed the amount of the Initial Payment, Plaintiff request such excess be deducted from the Monthly Installments payable to Defendant. *See* Ex. B at pg. 18, ¶B(2).

36. Undersigned counsel affirms having communication with opposing counsel as to the issues raised herein and that further communication with opposing counsel on these issues would serve no useful purpose.

**WHEREFORE**, Defendant prays this Court issue its Order:

A. Granting all relief sought herein;

B. Finding that the parties and their counsel signed the Final Agreement;

C. Finding that the parties freely and voluntarily entered into the Final Agreement;

D. Finding that the Final Agreement is fair;

E. Finding that the Final Agreement is in the best interests of the parties' minor children;

F. Holding the Final Agreement to be a valid and enforceable agreement;

G. Approving the Final Agreement;

H. Finding the effective date of the Final Agreement to be June 8, 2026;

I. Enforcing the Final Agreement and incorporating it into a Final Order in this case;

J. Awarding Plaintiff with all attorney fees and costs incurred in bringing this motion and/or caused by Defendant's breach of the Final Agreement;

K. Awarding Defendant compensatory damages for Plaintiff's breach of the parties' ratified contract;

L. Setting off any award of fees, costs, and/or compensatory damages from sums owed by Plaintiff to Defendant under the Final Agreement; and

M. For such other and further relief as this Court deems proper and just.

\\\

Respectfully submitted,

RAMSDALE LAW FIRM, LLC

MARIE-LOUISE RAMSDALE
1476 Ben Sawyer Blvd., Suite 5
Mount Pleasant, South Carolina 29464
Phone: (843) 849-8744
Fax: (843) 849-8745

JERRY N. THEOS
BRITTANY POINT
Attorney for Plaintiff
Theos Law Firm, LLC
11 State Street
Charleston, SC 29401
Phone: (843) 577-7046
Fax: (843) 203-4985
jerry@theoslaw.com
brittany@theoslaw.com

ATTORNEYS FOR PLAINTIFF

This 24 Day of July, 2026
Charleston, South Carolina

EXHIBIT

A

tabbies

**FINAL AGREEMENT**

This Agreement is made and entered into this 25th day of April, 2026, by and between Lindsay F. McGee (hereinafter referred to as "Wife" or "Mother") and Justin M. McGee (hereinafter referred to as "Husband" or "Father").

**WITNESSETH:**

**WHEREAS**, the parties are husband and wife, having been lawfully married on March 10, 2012; and

**WHEREAS**, the parties last resided together as husband and wife in Charleston County, South Carolina, but separated and began living separate and apart on or about July 29, 2022; and

**WHEREAS**, the parties have three (3) children born to them of this marriage, namely: CHM (age 11), HMM, (age 9) and AJM (age 6), (hereinafter collectively referred to as the "Children" or individually as a "Child") and no other children are expected of this marriage; and

**WHEREAS**, the parties have reached a full and comprehensive custody and property settlement agreement as to all matters arising from their marriage, which they hereby reduce to writing, and the parties intend to and it is the purpose of this Agreement to make a complete settlement of all claims of whatsoever nature that either party may have against the other from the beginning of time to the date of this Agreement; and

**WHEREAS**, Mother is a licensed attorney in the State of South Carolina with considerable professional experience in the area of Family Law and has been ably represented by independent legal counsel throughout the negotiation and preparation of this Agreement, namely Peter G. Currence, and Mother recognizes and certifies that she has been competently and fairly represented and fully advised of all her legal rights and duties incident to this Agreement and the matters addressed herein; and

LFM LM JMM

[Portions of Settlement Agreement Omitted.]

custody agreement with respect to all matters raised and with respect to those matters which could be or could have been raised and each considers this to be a fully integrated Agreement. This Agreement expresses the entire agreement regarding custody of the Children and the division of property and liabilities, superseding any prior understandings or agreements between them, and there are no agreements, representations, or warranties other than those specifically set forth herein. The Husband and Wife expressly agree that, at any time hereafter, each of them shall make, execute and deliver any and all further and other instruments or papers or things as may be reasonably expected, required or desirable for the purpose of giving full effect to this Agreement; however, in the absence of a stated time for such to take place, the parties agree to complete such action within thirty (30) days of the approval of this agreement.

J. Governing Law: The parties expressly agree that the law of the State of South Carolina shall be the governing law with respect to any disputes arising from this Agreement and that the Family Court for the Ninth Judicial Circuit in Charleston County, South Carolina shall retain jurisdiction for the resolution of and/or adjudication of any disagreement dispute or action related thereto which may arise amongst parties in regards to this Agreement or any other Order or action related to the subject matter herein.

K. Enforceability: The parties expressly agree that this Agreement, once signed, shall be enforceable under Rule 43(k) of the South Carolina Rules of Civil Procedure.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals on the date and year first shown above on this Agreement.

WE CONSENT AND AGREE:

LINDSAY F. McGEE
DEFENDANT

PETER G. CURRENCE
ATTORNEY FOR DEFENDANT

LFM LM

JMM

JUSTIN M. McGEE
PLAINTIFF

BRITTANY M. POINT
JERRY N. THEOS
ATTORNEY FOR PLAINTIFF

LFM ____

JMM

EXHIBIT

B

tabbies

**Justin McGee**

---

**From:** Brittany Point <brittany@theoslaw.com>
**Sent:** Monday, June 8, 2026 3:43 PM
**To:** Marie-Louise Ramsdale; Justin McGee
**Subject:** Fw: McGee Executed Agreement
**Attachments:** McGee Executed Agreement.pdf

FYI see below and attached

Thanks,

**Brittany M. Point**
**Attorney**

THEOS LAW FIRM, LLC

Office: 843.577.7046
Cell: 419.236.9129
Fax: 843.203.4985
11 State Street, Charleston SC 29401
brittany@theoslaw.com
TheosLawFirm.com

**CONFIDENTIAL COMMUNICATION*** The information contained in this message may contain legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this transmission is strictly prohibited. If you have received this communication in error, please notify us by telephone or email immediately and return the original message to us or destroy all printed and electronic copies. Nothing in this transmission is intended to be an electronic signature nor to constitute an agreement of any kind under applicable law unless otherwise expressly indicated. Intentional interception or dissemination of electronic mail not belonging to you may violate federal or state law.

---

**From:** Peter Currence <Pete@pgcmediation.com>
**Sent:** Monday, 08 June 2026 14:52:28
**To:** Brittany Point <brittany@theoslaw.com>; Jerry Theos <jerry@theoslaw.com>; Jackie <jackie@theoslaw.com>; Lori Ross <lori@pgcmediation.com>; Elizabeth Stringer <liz@stringerlaw.us>
**Subject:** McGee Executed Agreement

Brittany and Jerry,
I'm attaching a copy of the final agreement which has been executed by all the parties and their council. We consider this case settled and suggest that we use the time allocated for the GALs RTSC next

Wednesday to put this agreement on the record and allow the parties to go forward with a divorce.
Lindsay will bring a witness.
Regards,
Pete

Get Outlook for iOS

---

**From:** Pete Currence <pete@mscmlaw.com>
**Sent:** Monday, June 8, 2026 2:48 PM
**To:** Peter Currence <Pete@pgcmediation.com>
**Subject:** McGee Executed Agreement

*Peter G. Currence,*
*Attorney at Law*
pete@mscmlaw.com
www.mscmlaw.com

McDougall Self Currence & McLeod LLP
791 Greenlawn Dr., Suite #4, Columbia, SC 29209-2641
P.O. Box 90860, Columbia, SC 29290-1860
803.776-3130 phone; 803.776.7748 fax

Confidentiality Notice: This electronic transmission is intended for the individual or entity to which it is addressed. This communication may contain information that is privileged, confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify McDougall, Self, Currence & McLeod, LLP, immediately by phone (803.776.3130) or by facsimile (803.776.7748) or by return e-mail.

EXHIBIT

C

**Justin McGee**

**From:** Brittany Point <brittany@theoslaw.com>
**Sent:** Tuesday, June 9, 2026 4:50 PM
**To:** Peter Currence
**Cc:** Matt Abee; Jerry Theos; Lori Ross; Elizabeth Stringer; Karen Dhooge; Andrew Fischer; Marie-Louise Ramsdale; Jessica Barnard
**Subject:** McGee v. McGee - GAL Requested Testing and Executed Agreement
**Attachments:** McGee Executed Agreement.pdf

Pete:

Please allow this to confirm that we agree to move forward with seeking approval of the attached executed Agreement provided that both parties comply with the GAL's testing request within the required time parameters. Given Ms. Stringer's position regarding testing and approval of the agreement as stated in her email below, we have concerns that a Court may not approve the executed Agreement if the parties do not comply with the GAL's requests. As such, it is our position that both parties should submit to such testing and provide the results prior to seeking approval of the signed Agreement.

Pursuant to our instructions, Justin has already submitted to the tests requested by the GAL. Please confirm Ms. McGee is doing or will do the same. As previously advised, Justin is willing to cover the costs of such testing for Ms. McGee if necessary.

Lastly, we are agreeable to using the July 23rd status conference as the Final Hearing for approval of the agreement and divorce.

Thanks,

**Brittany M. Point**
**Attorney**

THEOS LAW FIRM, LLC

Office: 843.577.7046
Fax: 843.203.4985
11 State Street, Charleston SC 29401
brittany@theoslaw.com
TheosLawFirm.com

**From:** Elizabeth Stringer <liz@stringerlaw.us>
**Sent:** Tuesday, June 9, 2026 1:56 PM
**To:** Marie-Louise Ramsdale <ml@ramsdalelaw.com>; Justin McGee <justin@ramsdalelaw.com>; Lindsay McGee <lindsay@mcgee-familylaw.com>; Pete Currence <pete@mscmlaw.com>

**Cc:** Karen Dhooge <karen@stringerlaw.us>; Andrew Fischer <manager@stringerlaw.us>
**Subject:** Testing

All,

I know there are attempts at settling this but I still need to make certain both parents are not abusing substances. Please confirm that the tests I requested (Peth and hair follicle) are being completed as requested yesterday. Pete has requested that I continue my Rule set for next week but I am not going to do that. Lindsay accepted service, has had notice, and this is a simple rule on fees having being unpaid for months. They routinely take 15 minutes or less. If I receive full payment from Lindsay, I of course will dismiss the Rule.

Take care, Liz

EXHIBIT

D

tabbies

**Justin McGee**

**From:** Marie-Louise Ramsdale
**Sent:** Wednesday, July 1, 2026 10:12 PM
**To:** Justin McGee
**Subject:** Fw: McGee - Final Settlement Agreement
**Attachments:** McGee Executed Agreement.pdf

Get Outlook for iOS

---

**From:** Peter Currence <Pete@pgcmediation.com>
**Sent:** Wednesday, 01 July 2026 18:21:08
**To:** Marie-Louise Ramsdale <ml@ramsdalelaw.com>
**Subject:** FW: McGee - Final Settlement Agreement

---

**From:** Brittany Point <brittany@theoslaw.com>
**Sent:** Monday, June 29, 2026 12:17 PM
**To:** Peter Currence <Pete@pgcmediation.com>
**Cc:** Jackie <jackie@theoslaw.com>; Elizabeth Stringer <liz@stringerlaw.us>; Karen Dhooge <karen@stringerlaw.us>; Jerry Theos <jerry@theoslaw.com>; Marie-Louise Ramsdale <ml@ramsdalelaw.com>; Janet <janet@theoslaw.com>; Jessica Barnard <jessica@ramsdalelaw.com>
**Subject:** Re: McGee - Final Settlement Agreement

Pete,

As I stated in my email dated June 9, 2026, we have a valid, binding, and enforceable agreement in this case. It's attached. Lindsay sent this agreement fully executed on June 8, 2026.

Lastly, as stated in my email dated June, we are agreeable to using the July 23rd status conference as the Final Hearing for approval of this agreement and the divorce. Please confirm you agree so that we may notify the Court.

Thanks,

**Brittany M. Point**
**Attorney**
THEOS LAW FIRM, LLC

Office: 843.577.7046
Fax: 843.203.4985
11 State Street, Charleston SC 29401
brittany@theoslaw.com
TheosLawFirm.com

---

**From:** Peter Currence <Pete@pgcmediation.com>
**Sent:** Friday, June 26, 2026 8:44 PM
**To:** Brittany Point <brittany@theoslaw.com>; Jerry Theos <jerry@theoslaw.com>; Marie-Louise Ramsdale <ml@ramsdalelaw.com>; Jackie <jackie@theoslaw.com>; Elizabeth Stringer <liz@stringerlaw.us>; Karen Dhooge <karen@stringerlaw.us>
**Subject:** Offer sent 6/25/26

Brittany.
Lindsay asked me to tell you that the Settlement proposal I sent last night will be considered revoked at 5:00 pm on Monday June 19, 2026. I hope we have an agreement. Thanks.
Pete

Get Outlook for iOS

EXHIBIT
E

**Justin McGee**

**From:** Justin McGee
**Sent:** Monday, July 6, 2026 4:32 PM
**To:** Justin McGee
**Subject:** FW: Justin M. McGee v. Lindsay F. McGee Docket # 2022-DR-10-3072

**From:** Marie-Louise Ramsdale <ml@ramsdalelaw.com>
**Sent:** Wednesday, July 1, 2026 9:16 PM
**To:** Peter Currence <Pete@pgcmediation.com>; dmartinsc@sccourts.org; Christine Davy James <cdjames@charlestoncounty.org>; Jerry Theos <jerry@theoslaw.com>; Brittany Point <brittany@theoslaw.com>; Elizabeth Stringer <liz@stringerlaw.us>; Karen Dhooge <karen@stringerlaw.us>; Jackie <jackie@theoslaw.com>; Marie-Louise Ramsdale <ml@ramsdalelaw.com>
**Subject:** Re: Justin M. McGee v. Lindsay F. McGee Docket # 2022-DR-10-3072

I agree with the below and thank you for your consideration.

Get Outlook for iOS

---

**From:** Peter Currence <Pete@pgcmediation.com>
**Sent:** Wednesday, 01 July 2026 18:09:41
**To:** dmartinsc@sccourts.org <dmartinsc@sccourts.org>; Christine Davy James <cdjames@charlestoncounty.org>; Marie-Louise Ramsdale <ml@ramsdalelaw.com>; Jerry Theos <jerry@theoslaw.com>; Brittany Point <brittany@theoslaw.com>; Elizabeth Stringer <liz@stringerlaw.us>; Karen Dhooge <karen@stringerlaw.us>; Jackie <jackie@theoslaw.com>
**Subject:** Justin M. McGee v. Lindsay F. McGee Docket # 2022-DR-10-3072

Dear Judge Martin,
I am sending this email with the consent of opposing counsel. I represent Ms. Lindsay McGee in the above referenced matter which was filed on October 20, 2022. Mr. McGee is represented by Marie-Louise Ramsdale and Jerry Theos. Elizabeth Stringer is the Guardian ad litem. The case was subject to a stay for almost two years. During that time, we attempted mediation twice. Following a mediation in April of this year, the parties eventually reached a full and complete agreement, resolving all issues including those affecting their three children, that has been reduced to writing and signed by the parties and their respective counsel.

There is a Status Conference and Motion for Temporary Relief scheduled for July 23, 2026. In light of the history of the case which is now approaching four years, the parties and counsel would like to put this on the record as soon as practical and were hoping that Your Honor would allot thirty minutes next week to allow the parties to present the agreement to the court for approval and allow them to present testimony for a divorce on the ground of one year separation. If possible, we were hoping that you would allow us to appear in person on Tuesday morning or alternatively by WebEx on Monday or Wednesday morning.

Thank you for your consideration. With kind regards,
Pete

EXHIBIT

F

tabbies®

**Justin McGee**

| | |
|---|---|
| **From:** | Marie-Louise Ramsdale |
| **Sent:** | Thursday, July 2, 2026 8:45 AM |
| **To:** | Justin McGee |
| **Cc:** | Brittany Point |
| **Subject:** | Fw: Final Agreement |
| **Attachments:** | Final Agreement.pdf |

Get Outlook for iOS

---

**From:** Peter Currence <Pete@pgcmediation.com>
**Sent:** Thursday, 02 July 2026 05:27:19
**To:** Marie-Louise Ramsdale <ml@ramsdalelaw.com>; Jerry Theos <jerry@theoslaw.com>; Brittany Point <brittany@theoslaw.com>; Jackie <jackie@theoslaw.com>; Elizabeth Stringer <liz@stringerlaw.us>; Karen Dhooge <karen@stringerlaw.us>
**Subject:** Final Agreement

Dear ML,
I am attaching the executed Final Agreement and Consent to be bound which has been signed by Lindsay and me. The attached Exhibit A is not the one Brittany sent to me to which Justin does not agree but instead contains the items Justin indicated yesterday that Lindsay could have. I'm sure you will compare it to the Exhibit containing Justin's notes to verify the accuracy. We would like to get this signed today so we can stop preparing for hearings on the 23rd and plan to put this on the record next week.

Once this has been executed by Juston and one of his attorneys, please email it back to me, hopefully this morning. Thanks again for stepping in to facilitate the much-needed resolution in this case. Hopefully, we will hear back from Judge Martin or Christine this morning. Thanks again.
Pete

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE FAMILY COURT FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |
| Justin M. McGee, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Docket No. 2022-DR-10-3072 |
| Lindsay McGee, | ) | |
| Defendant. | ) | |

Plaintiff Justin M. McGee and Defendant Lindsay F. McGee, by their signatures herein below, hereby acknowledge that the FINAL AGREEMENT with Exhibit A signed April 25, 2026 consisting of 25 pages and attached hereto was voluntarily signed by the parties and their respective counsel, that each is bound to the terms of this Agreement pursuant to Rule 43(k) SCRCP, and they will submit this Agreement to the presiding judge of the Family Court for the Ninth Judicial Circuit in Charleston County for approval.

WE SO CONSENT:

| | |
|---|---|
| JUSTIN M. McGEE<br>PLAINTIFF/HUSBAND | LINDSAY F. McGEE<br>DEFENDANT/WIFE |
| MARIE-LOUISE RAMSDALE<br>ATTORNEY FOR PLAINTIFF | PETER G. CURRENCE<br>ATTORNEY FOR DEFENDANT |

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE FAMILY COURT FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | CASE NO.: 2022-DR-10-3072 |
| JUSTIN M. MCGEE, Plaintiff, | **VERIFICATION** |
| vs. | |
| LINDSAY FOREBACK MCGEE, Defendant. | |

PERSONALLY appeared before me, Justin M. McGee, who, being first duly sworn, deposes and says that he is the Plaintiff in the foregoing action; that he has read the foregoing Motion to Approve Final Agreement and Compel Settlement; and that the allegations contained therein are true and correct to the best of his own knowledge and belief, expect as to those allegations made upon information and belief, and as to those, he believes the same to be true.

**JUSTIN M. MCGEE**

SWORN to and subscribed before me
This 7th day of July, 2026

NOTARY PUBLIC FOR SOUTH CAROLINA
Printed Notary Name: Jessica Barnard
My Commission Expires: 6/3/2030

JESSICA BARNARD
NOTARY PUBLIC
MY COMMISSION EXPIRES 06/03/2030
STATE OF SOUTH CAROLINA