**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Lindsay McGee,<br><br>Plaintiff,<br>v.<br><br>Justin McGee,<br><br>Defendant. | Case No. 2:24-cv-1659-RMG<br><br>**ORDER** |

Plaintiff filed this action against her estranged husband in state court asserting various causes of action related to the alleged unauthorized placement of a listening device in her home. Defendant removed this action to federal court on April 2, 2024 on the basis of federal question jurisdiction. (Dkt. No. 1). The parties have also engaged in hotly contested proceedings in the South Carolina Family Court and the South Carolina Court of Appeals.

Plaintiff moved on July 10, 2026 to amend her complaint in this action. (Dkt. No. 46). Defendant opposed the motion to amend and Plaintiff filed a reply. (Dkt. No. 47, 48). Defendant opposes the motion to amend, *inter alia*, on the basis that the parties have reached a final settlement agreement at mediation which allegedly resolved all claims by way of a mutual release. (Dkt. No. 47). On July 7, 2026, Defendant filed a motion with the Family Court to approve what he asserts is a final settlement agreement. (Dkt. Nho. 47-2). Plaintiff opposed the motion in the Family Court, arguing that is no final settlement agreement. (Dkt. No. 48-1). The Defendant's motion to approve the settlement agreement is presently pending in the Family Court.

It is well settled that district courts have the discretion to stay any proceedings pending before it under its inherent authority "to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay a proceeding, a district court should carefully weigh and consider (1) the interests of judicial economy; (2) the relative hardship and prejudice suffered by the litigants; and (3) the potential benefit of a stay to the parties. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). A district court has the inherent authority to issue a stay *sua sponte*. *Rice v. Astrue*, 2010 WL 3607484 at *2 (D.S.C. 2010).

The Court finds that judicial economy is best served by staying this action until the enforceability of the alleged final settlement agreement has been resolved by the Family Court, and if necessary, by the appellate courts of Southy Carolina. Otherwise, this Court may be adjudicating an issue that has already been settled and undermining the resolution of related proceedings in the Family Court. The Court finds that neither party is unduly burdened by a stay and may avoid unnecessary additional litigation if the state court finds that there is a final settlement agreement between the parties.

The Court hereby stays this action pending a final decision on the enforceability of the alleged settlement agreement reached in mediation by the parties. When a final decision has been rendered regarding the enforceability of the settlement agreement, the parties are directed to promptly advise the Court by either moving to lift the stay or to dismiss the action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 6, 2026
Charleston, South Carolina